```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ENRICIO J. CIARROCCHI, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-1704 (JBS/AMD) |
| v. | **MEMORANDUM OPINION** |
| UNUM GROUP, | |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court on Defendant's motion for summary judgment. [Docket Item 85.] The Court finds as follows:

1. Plaintiff, Enrico J. Ciarrocchi, was issued a Disability Insurance Policy by Unum Life Insurance Company of America. In 1997, Ciarrocchi made a claim on the Policy asserting that he was totally disabled due to mental illness. Pursuant to the terms of the Policy, Unum continuously paid Ciarrocchi monthly disability benefits into early 2003. In February 2003, Ciarrocchi and Unum entered into a written "Policy Settlement Agreement" in which Ciarrocchi received a lump sum payment of $360,000 and agreed to voluntarily surrender the Policy for cancellation. Ciarocchi's Complaint alleges that he lacked the competency to make any settlement in 2003 and, therefore, seeks to vacate the settlement and reinstate the Policy.

2. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  However, the court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party.  Hunt v. Cromartie, 526 U.S. 541, 552 (1999).  Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case.  Fed. R. Civ. P. 56(c)(1)(B); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

    3.  Local Civil Rule 56.1(a) requires the movant to provide a Statement of Material Facts not in Dispute, and the non-movant to respond to the movant's statement paragraph-by-paragraph.  Failure to respond means that the facts shall be deemed undisputed for purposes of the summary judgment motion, in accordance with the amended text of L. Civ. R. 56.1(a).  See also White v. Camden City Bd. of Educ., 251 F. Supp. 2d 1242, 1246 n.1 (D.N.J. 2003), aff'd, 90 Fed. App'x 437 (3d Cir. 2004).  Plaintiff failed to submit a responsive Rule 56.1 Statement.

However, because Plaintiff is proceeding without a lawyer, the Court will in its discretion relax this rule to the extent that Plaintiff provides evidence that disputes Defendant's Statement of Material Facts. See <u>Reid v. Schuster</u>, 2008 U.S. Dist. LEXIS 22113 (D.N.J. 2008).

4. In New Jersey, settlement agreements are analyzed as contracts. <u>Thompson v. City of Atlantic City</u>, 190 N.J. 359, 374 (2007). The test for determining competency to enter a contract is:

> that a man shall have the ability to understand the nature and effect of the act in which he is engaged, and the business he is transacting. . . . [I]f the mind be so clouded or perverted by age, disease, or affliction, that he cannot comprehend the business in which he is engaging, then the writing is not his deed.

<u>Jennings v. Reed</u>, 885 A.2d 482, 488 (N.J. Super. Ct. App. Div. 2005) (quoting <u>Eaton v. Eaton</u>, 37 N.J.L. 108, 113 (1874)).

5. Defendant maintains that Plaintiff has failed to adduce evidence sufficient to create a genuine dispute regarding whether he lacked competency when he entered the settlement in 2003.

6. Among the wealth of evidence produced by Defendant regarding Plaintiff's competency, Defendant submits correspondence from Plaintiff's treating psychiatrist, Dr. Steinberg, whom Defendant had asked at the time of settlement to opine as to Plaintiff's competency to enter a settlement. The

psychiatrist stated: "It is my opinion that Mr. Enrico Ciarrocchi's condition does not preclude his ability to consider a proposal relative to his disability benefits.  He is fully capable of understanding the concept involved and of making well reasoned financial plans and decisions for his future.  If you are in need of any further information, do not hesitate to contact me."  (Def.'s Ex-3.)  And contact him they did.  An Unum memorandum of January 17, 2003, records that a representative of Unum spoke with Dr. Steinberg, and that:

> Dr. Steinberg said that he has known and treated this person for approximately nine years.  During the first 3-4 years, yes, Mr. Ciarrocchi was up and down and could not be relied upon for very much.  However, for the last 4-5 years, he said that he has been quite stable in his disease and he expects him to stay that way.  Mr. Ciarrocchi is very compliant with his medications and any other instructions Dr. Steinberg has for him.  He is aware of what can happen if he does not stay on his medications.  As for his competency, Dr Steinberg says that Mr. Ciarrocchi was an accountant with his own office. He has pretty much the same competency now as he was then.  He feels that he would make wise decisions regarding a settlement and for the money after a settlement.

(Def.'s Ex-4.)  These opinions were confirmed in Dr. Steinberg's deposition in this case.  (Steinberg Dep. 29:10-14, 31:18-32:15, 38:23-39:16, 44:4-46:8, and 46:17-48:5.)  Defendant points to a number of other pieces of circumstantial evidence, such as contemporary notes from the settlement indicating that Plaintiff

4

negotiated his settlement upward based on calculations converting nominal dollars into real dollars.  (Def.'s Ex-7.)

7.  The evidence adduced by Plaintiff regarding his incompetency to enter the settlement includes: a 1997 note from his insurance file indicating that Plaintiff has a chronic case of bipolar disorder; what appears to be notes from a February 21, 2000 phone conversation in which an Unum representative tells Plaintiff that Unum is reluctant to enter a settlement because of the possibility that Plaintiff would subsequently file suit based on his condition at the time of settlement; and an Unum memorandum from a consulting psychologist indicating that Plaintiff has "a history of chronic bipolar disorder, characterized by psychotic features," and that "he typically has a good response to antipsychotic medication, but has a history of quickly decompensating and requiring involuntary hospitalization."

8.  The evidence adduced by Plaintiff does not create a genuine dispute of fact over whether, in 2003, he was competent to enter a settlement agreement.  At most, it suggests that the nature of his condition is such that he was still suffering from severe bipolar disorder in 2003.  It does not suggest that he lacked the ability to understand the nature and effect of the settlement, because it does not contradict or dispute his treating psychiatrist's detailed and specific assessment that in

5

2003 Plaintiff was perfectly competent to enter the settlement. No rational jury could conclude from the record as submitted on this motion that Plaintiff lacked the competency to enter into the settlement. The accompanying Order will be entered.

**March 31, 2011**                           **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge