```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ENRICIO J. CIARROCCHI,<br><br>        Plaintiff,<br><br>   v.<br><br>UNUM GROUP,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 08-1704 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Plaintiff Enrico J. Ciarrocchi's motion for reconsideration [Docket Item 96] of this Court's order granting summary judgment to the Defendant Unum Group [Docket Item 95].  The Court finds as follows:

   1.  The Plaintiff Enrico J. Ciarrocchi ("Plaintiff" or "Ciarrocchi") was issued a Disability Insurance Policy by Unum Life Insurance Company of America.  In 1997, Ciarrocchi made a claim on the Policy asserting that he was totally disabled due to mental illness.  Pursuant to the terms of the Policy, Unum continuously paid Ciarrocchi monthly disability benefits into early 2003.  In February 2003, Ciarrocchi and Unum entered into a written "Policy Settlement Agreement" in which Ciarrocchi received a lump sum payment of $360,000 and agreed to voluntarily surrender the Policy for cancellation.  Ciarrocchi then filed a Complaint alleging that he lacked the competency to make any settlement in 2003 and, therefore, sought to vacate the

settlement and reinstate the Policy.

 2. Defendant Unum Group ("Defendant") filed a motion for summary judgment, which this Court granted. [Docket Item 95.] The Court found that the "evidence adduced by Plaintiff does not create a genuine dispute of fact over whether, in 2003, he was competent to enter a settlement agreement." (Mem. Op. ¶ 8.) Among other evidence, the Court found that Ciarrocchi did not "contradict or dispute his treating psychiatrist's detailed and specific assessment that in 2003 Plaintiff was perfectly competent to enter the settlement." (Id.) Plaintiff now moves for reconsideration.

 3. Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000). "A party seeking reconsideration must show more than a disagreement with

2

the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

    4.  The Plaintiff does not argue in his motion for reconsideration that the Court applied the wrong legal standard, that there has been an intervening change in the law or that the Court overlooked any factual matters that were properly before the Court on the motion for summary judgment.  Rather, the Plaintiff argues in his motion for reconsideration that the Court placed undue weight on the deposition of Dr. Steinberg, Plaintiff's treating psychiatrist, who opined that Plaintiff was competent to enter into the settlement agreement. The Plaintiff challenges Dr. Steinberg's credibility by arguing that Dr. Steinberg was not independent of the settlement parties. However, the Plaintiff does not indicate his basis for believing Dr. Steinberg was biased and merely states his relationship with Dr. Steinberg was "shallow"  (Pl.'s Mot. for Recons. at 1) and the that "he had nothing to lose by writing a letter to Unum" attesting to the Plaintiff's competency (Id. at 2.).  In addition, the Plaintiff also seeks to supplement the record with evidence which was previously produced in discovery but not relied on by the Plaintiff in his opposition to summary judgment.

5.  The Plaintiff's challenges to Dr. Steinberg's credibility are not a proper basis for reconsideration because Dr. Steinberg's credibility was not relevant in determining the underlying summary judgment motion.  If a moving party has demonstrated the "absence of a genuine issue of a material fact, . . . concerns regarding the credibility of witnesses cannot defeat summary judgment."  Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 130 (1998); see also S.E.C. v. Antar, 44 Fed. App'x 548, 554 (3d Cir. 2002) (rejecting appellant's attempt to defeat summary judgment "solely on the basis of the lack of believability" of witness testimony).  In this case, the Plaintiff did not present evidence that created a genuine dispute of fact over whether, in 2003, he was competent to enter a settlement agreement. (Memorandum O. at ¶8.)  Therefore, since there was no genuine issue of material fact, Plaintiff's concerns regarding the credibility of Dr. Steinberg are insufficient to defeat summary judgment and cannot serve as a basis for reconsideration.

6. Similarly, the Plaintiff cannot support his motion for reconsideration by submitting additional evidence which was available at the time of the original motion and not relied upon by the Plaintiff in his opposition to summary judgment.  Local Civil Rule 7.1(g) requires that the moving party set forth concisely the matters or controlling decisions which counsel

believes the court has overlooked. The Rule does not contemplate a court looking to matters, which were not originally presented. Rather, motions for reargument succeed only where a dispositive factual matter or controlling decision of law was presented to the Court but not considered.  "The court will not, at a late date, consider evidence, which could and should have been submitted earlier. The court is bound not to consider such new materials, lest the strictures of the reconsideration rule erode entirely." Damiano v. Sony Music Entertainment, 975 F. Supp. 623, 635 (D.N.J. 1997.)  Therefore, the Court will not consider the additional evidence submitted by the Plaintiff which "could and should have been submitted earlier." Id.

   7.  For the reasons set forth above, the Plaintiff's motion for reconsideration will be denied. The accompanying Order will be entered.


**October 5, 2011**            **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               United States District Judge

5